Xiao Qin XU, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, John Ashcroft, United States Attorney General, Respondent.

No. 03–40233.

United States Court of Appeals, Second Circuit.

April 14, 2005.

Gary Yerman, New York, NY, for Petitioner.

Joseph A. Pantoja, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York; Lisa R. Zornberg, Assistant United States Attorney, on the brief), New York, NY, for Respondent, of counsel.

Present: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Xiao Qin Xu ("Xu" or "petitioner") petitions for review of a June 16, 2003 order of the BIA, dismissing her appeal of an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. Xu, a citizen of the People's Republic of China ("China"), claims that she was forced to have an abortion and that she was threatened with sterilization for violating China's family planning policies by having more than one child. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision, recounting the IJ's reasoning but also offering some further discussion, we review the decisions of both the BIA and the IJ. *See Zhang v. United States INS,* 386 F.3d 66, 73–75 (2d Cir.2004) (reviewing both the findings of the BIA and the IJ where the BIA issued a short order expressly agreeing with the IJ's adverse credibility finding).

The substantial evidence standard applies to the factual findings underlying the IJ's and the BIA's determinations, and we will reverse only if "no reasonable factfinder could have failed to find" that peti-

tioner suffered past persecution or had a well-founded fear of future persecution. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (citation and internal quotation marks omitted); *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). We will sustain a finding if it is supported by " 'reasonable, substantial, and probative' " evidence in the record when considered as a whole. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo,* 232 F.3d at 287).

Factual findings pertaining to credibility are entitled to "particular deference," and our review of those findings is "exceedingly narrow." *Zhang,* 386 F.3d at 73, 74 (citation and internal quotation marks omitted). However, "the fact that the BIA has relied primarily on credibility grounds in dismissing an asylum application cannot insulate [its] decision from review." *Ramsameachire,* 357 F.3d at 178. The IJ and the BIA must give " 'specific, cogent' " reasons for rejecting a petitioner's testimony, and an adverse credibility determination cannot be based on speculation or an incorrect analysis of the testimony. *Id.* (quoting *Secaida–Rosales,* 331 F.3d at 307). The IJ's and the BIA's reasons must bear a "legitimate nexus" to the adverse credibility finding and must be valid grounds for disregarding the applicant's testimony. *Secaida–Rosales,* 331 F.3d at 307.

■ In the instant case, substantial evidence supports the IJ's adverse credibility findings. Xu had great difficulty describing the abortion that she allegedly was forced to have by Chinese family planning officials. Several times, when asked about the abortion, Xu repeated a phrase to the effect of "[a]fter the child is aborted, they inserted IUD into me." The IJ observed that it seemed as if Xu had "memorized a script and did not want to deviate from it." *See Zhang,* 386 F.3d at 73 ("A fact-finder who assesses testimony together with witness demeanor is in the best position to discern ... whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'...."). While the IJ may have demanded too much of petitioner by asking her to recount precise details of an abortion procedure, it cannot be said that "no reasonable fact-finder could have failed to find" that petitioner was forced to abort her pregnancy by Chinese family planning officials.

■ Substantial evidence also supports the IJ's conclusion that petitioner and her husband contradicted each other in their testimony. Petitioner testified that the daughter had been sent to live with an aunt to avoid raising the ire of family planning officials for having more than one child, but her husband testified that the daughter lived with them. When confronted with petitioner's testimony, he tried to explain his answer by saying that the daughter lived two hours away by car. Xu and her husband also contradicted each other with respect to when they registered their marriage. Petitioner argues that these discrepancies are not central to her persecution claim. However, the IJ's reasons need only bear a "legitimate nexus" to the issue of Xu's credibility, *Secaida–Rosales,* 331 F.3d at 307, and in a case involving alleged persecution for having more than one child, the information at issue certainly bears such a nexus.

Finally, petitioner argues that it was error for the IJ to give no weight to the documents that she submitted in support of her application. The IJ disregarded those documents because they were unauthenticated and because the State Department has reported that many documents from Xu's region of China are subject to "widespread fabrication and fraud." Xu seems to suggest that the IJ should have

treated the documents as authentic in the absence of "forensic evidence" to the contrary, or a finding of fraud by the Department of Homeland Security, but this is an incorrect statement of the law. The burden of proving the authenticity of the documents rested on petitioner. *See Zhang,* 386 F.3d at 70–71 (noting that applicant bears burden of establishing eligibility for asylum); *Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003) (same); 8 C.F.R. § 208.13(a) (providing that "the burden of proof is on the applicant" to establish entitlement to asylum); *see also Lin v. Ashcroft,* 371 F.3d 18, 22 (1st Cir. 2004) (finding reasonable IJ's refusal to credit unauthenticated documents from Southeast China, "[g]iven the undisputed government reports" regarding "widespread fabrication and fraud").

With respect to the CAT claim, the government argues that petitioner never appealed the IJ's denial of this claim to the BIA and that even if she did, she has waived the issue by failing to brief it in her submission to this Court. We agree that petitioner has not sufficiently argued the issue in her briefs to this Court, and that it is therefore waived. *See, e.g., Norton v. Sam's Club,* 145 F.3d 114, 117–18 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. . . . [M]erely incorporating by reference an argument presented [below, or] stating an issue without advancing an argument . . . [does] not suffice.").

We have considered petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.